UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-64

RONALD E. CREQUE, M.D., and
PAUL A. GOODLETT, M.D.,                                                              PLAINTIFFS

v.                                          **OPINION AND ORDER**

SHELBY FAMILY MEDICINE, P.S.C.,
RONALD E. WALDRIDGE, M.D.,
RONALD E. WALDRIDGE, II., M.D., and
WILLIAM POWERS, M.D.,                                                                DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the court on the Motion to Remand (Rec. No. 7) filed by the Plaintiffs. For the following reasons, the motion will be GRANTED.

    **I.    BACKGROUND.**

The Plaintiffs are medical doctors who filed this action against their former employer, Shelby Family Medicine, P.S.C. and its owners (the "Defendants"). The Plaintiffs filed their action in Shelby Circuit court seeking certain accounts receivable and "all sums due to the Plaintiffs from any 401K and/or retirement plans." The Defendants removed the action to this court asserting that the Plaintiffs were asserting an action governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA") and, thus, this court had jurisdiction under 28 U.S.C. § 1332, which grants this court original jurisdiction over all claims arising under federal laws.

The Plaintiffs moved to remand the action to state court, arguing that they were asserting only state law contract claims. The Plaintiffs then moved to amend their complaint, stating that they had "previously received all sums due to them from the retirement plans of Shelby Family Medicine, P.S.C. and have no claim to assert against any of the defendants in this action arising out of these retirement plans." Their Amended Complaint did not contain any claim to sums from 401K and retirement plans.

On the same day, the Plaintiffs filed a Reply in support of their Motion to Remand stating that, in light of the deletion of their claim for retirement and 401K funds, this court had no jurisdiction over this action.

The Defendants then filed a pleading stating they did not object to remanding this action in light of the Amended Complaint. They ask that the court order the Plaintiffs to pay the cost of removing this action and the attorney fees incurred in responding to the Plaintiffs' Motion to Remand.

**II.     ANALYSIS.**

"[D]etermination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); see also *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) ("existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal"). At the time of removal, the Plaintiffs' complaint contained a claim governed by ERISA and, thus, was properly removed. For this reason, the court accepted jurisdiction over this action and permitted the Plaintiffs to file an Amended Complaint.

The Amended Complaint does not contain an ERISA action or any other federal action. Instead, the Plaintiffs state they now seek to assert only state law contract claims. "[I]f an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under 28 U.S.C. § 1367(c)." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 551 (6th Cir. 2006). "Generally, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992)(citation and quotations omitted).

> " 'A trial court must balance the interests ... when deciding whether to resolve a pendent state claim on the merits.' " *Id*. (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir.1991)) (quoting *Province v. Cleveland Press Publishing Co.*, 787 F.2d 1047, 1055 (6th Cir.1986)). "A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those

interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182 (quoting *Aschinger*, 934 F.2d at 1412). The court also may consider whether the plaintiff has used "manipulative tactics" to defeat removal and secure a state forum, such as "simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

*Harper*, 392 F.3d at 211.

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 583 (6th Cir. 2007) (quoting *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996)). This case remains in its very early stages in federal court. No discovery has commenced. The court has never addressed the merits of this action. The Defendants do not object to remanding this matter to state court. Accordingly, balancing these considerations, the court will remand the remaining state law claims to district court.

For all these reasons, the court hereby ORDERS as follows:

1) the Plaintiffs' Motion to Remand (Rec. No. 7) is GRANTED;

2) this matter is REMANDED to the Shelby Circuit Court; and

3) this matter is STRICKEN from the active docket of this court.

Dated this 15th day of January, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge